IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | EP-25-MJ-02298-MAT |
| | § | |
| DARIO JAVIER TREJO-BURBANO | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 17, 2025, the Court held a bench trial on Counts I, violation of 8 U.S.C. § 1325, and III, violation of 18 U.S.C. § 1382, in the Misdemeanor Information filed on May 19, 2025, ECF No. 7, in the above-captioned case. Defendant Dario Javier Trejo-Burbano ("Defendant") was present and represented by counsel. Neither of these counts qualified for a jury trial as they are petty misdemeanors. As such, the Court did not ask the Defendant whether he understands his rights and knowingly waives in writing his right to a trial by jury.

After hearing the evidence on Counts I and III, the Court has determined that Defendant is guilty beyond a reasonable doubt of violating 8 U.S.C. § 1325(a)(1) and 18 U.S.C. § 1382. In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of law with respect to Defendant.

## PROCEDURAL BACKGROUND

On May 19, 2025, formal charges were filed against Defendant in the form of a Criminal Misdemeanor Information. *See* Misdemeanor Information, ECF No. 7. He was charged with three counts and was accused of: Count I, violating 8 U.S.C. § 1325(a)(1), Count II, violating 50 U.S.C. § 797, and Count III, violating 18 U.S.C. § 1382. *Id.* 1—2. Defendant was tried by a jury on Count II, violating 50 U.S.C. § 797, and so that will not be discussed here.

Count I of the Misdemeanor Information, the violation of 8 U.S.C. § 1325(a)(1), accused Defendant on May 8, 2025, of being an alien to the United States and "knowingly and unlawfully enter[ing] and attempt[ing] to enter the United States, at a time and place other than designated by immigration officials of the United States for the entrance of immigrants into the United States." *Id.* at 1.

Whereas Count III of the Misdemeanor Information, the violation of 18 U.S.C. § 1382 accused Defendant on May 8, 2025, of:

> "enter[ing] any military reservation, post, fort, arsenal, station, and installation, specifically, the National Defense Area created by lawful authority on April 30, 2025, by the Senior Commander, U.S. Army Ft. Bliss, establishing a National Defense Area, and declaring the lands to be a Restricted Area of the Department of the Army comprising approximately 2,000 acres of land located along the southern border of the United States and said entry was for any purpose prohibited by law or lawful regulation, specifically, Title 8 U.S.C. Section 1325(a)(1)."

*Id.* at 2.

A trial was previously requested with United States Magistrate Judge Torres, the court from which this case originated. *See* Order Setting Trial in District Court 1, ECF No. 16. On June 6, 2025, this Court set Defendant for a jury trial in the district court pursuant to Title 18 of the United States Code Section 3401(f) which states that "[t]he district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge upon the court's own motion." *Id.*

## FINDINGS OF FACT

Based upon witness testimony and arguments from both parties, the Court makes the following findings of fact as to Count I:

1) On May 8, 2025, at approximately 10:40 a.m., the Defendant, an alien to the United States and a citizen and native of Ecuador, entered the United States from the Republic of Mexico approximately one-half mile west of the Paso Del Norte Port of Entry, in El Paso, Texas, which is within the Western District of Texas.

2) Defendant did so by crossing the Rio Grande River which is the international boundary between the United States and the Republic of Mexico.

3) The place where Defendant entered the United States is not designated as a port of entry by immigration officers.

Next, based upon witness testimony and arguments from both parties, the Court makes the following findings of fact as to Count III:

1) On May 8, 2025 at approximately 10:40 am, Defendant entered the Texas National Defense Area ("NDA"), which is a military reservation and a restricted military area under the administrative control of the Department of the Army.

2) Defendant entered the NDA approximately one-half mile west of the Paso Del Norte Port of Entry in El Paso, Texas, in the Western District of Texas.

3) After entering the NDA, Defendant bypassed multiple layers of fencing and other security obstacles and proceeded through the NDA into a neighborhood near downtown El Paso with the purpose of furthering his presence in the United States and avoiding detection by Border Patrol Agents.

4) Defendant entered and traveled through the National Defense Area with the unlawful purpose of entering the United States from Mexico at a place not designated as a port of

3

entry by immigration officers, thus avoiding inspection by immigration officers, in violation of Title 8 United States Code, Section 1325(a)(1).

## CONCLUSIONS OF LAW

The Misdemeanor Information charges Defendant with violating 8 U.S.C. § 1325(a)(1), which makes it a crime to cross or attempt to cross the border into the United States at a time and place other than designated by immigration officials for the entrance of immigrants into the United States. The Misdemeanor Information also charges Defendant with violating 18 U.S.C. § 1382, which makes it a crime to enter the National Defense Area, which is comprised of approximately 2,000 acres of land along the southern border of the United States if such entry was for any unlawful purpose such as violating 18 U.S.C. § 1325(a)(1).

For the Court to find Defendant guilty of Count I, violation of 8 U.S.C. § 1325(a)(1), the Government must prove beyond a reasonable doubt:

1) That Defendant is an alien to the United States and a citizen and native of Ecuador.

2) That Defendant entered the United States from the Republic of Mexico approximately one-half mile west of the Paso Del Norte Port of Entry, in El Paso, Texas, which is within the Western District of Texas

3) That Defendant entered the United States by crossing the Rio Grande River which is the international boundary between the United States and the Republic of Mexico.

4) And finally, that the place where Defendant entered the United States is not designated as a port of entry by immigration officers.

And for the Court to find Defendant guilty of Count III, violation of 15 U.S.C. § 1382, the Government must prove beyond a reasonable doubt:

4

1) That on May 8, 2025, Defendant entered the Texas National Defense Area ("NDA"), which is a military reservation and a restricted military area under the administrative control of the Department of the Army.

2) That after entering upon the NDA, Defendant bypassed multiple layers of fencing and other security obstacles and proceeded through the NDA into a neighborhood near downtown El Paso, which is within the Western District of Texas.

3) That Defendant entered the NDA with the purpose of furthering his presence in the United States and avoiding detection by Border Patrol Agents.

4) That Defendant entered and traveled through the National Defense Area with the unlawful purpose of entering the United States from Mexico at a place not designated as a port of entry by immigration officers, thus avoiding inspection by immigration officers, in violation of Title 8 United States Code, Section 1325(a)(1).

## CONCLUSION

Accordingly, the Court **HEREBY FINDS** Defendant Dario Javier Trejo-Burbano **GUILTY BEYOND A REASONABLE DOUBT** of Counts I and III as charged in the Misdemeanor Information in this cause.

Accordingly, the Court **HEREBY ORDERS** that Defendant is sentenced to the custody of the United States Bureau of Prisons to serve a sentence of **TIME SERVED** as to Counts **I** and **III** of the Misdemeanor Information.

SIGNED this __18__ day of JUNE 2025.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**